F. Jay Rahimi, Esq. (SBN: 305286)
Jay@JRahimiLaw.com
**THE LAW OFFICES OF F. JAY RAHIMI**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Telephone: (818) 835-4005
Facsimile:  (866) 543-4345

Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
Danny G. Duty, Jr.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY G. DUTY JR.,<br><br>PLAINTIFF,<br><br>v.<br><br>R.M. GALICIA, INC. D/B/A PROGRESSIVE MANAGEMENT SYSTEMS AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>DEFENDANTS. | Case No: '17CV1261 WQHMDD<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Further, United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating

and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

4.  In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, Et Seq. ("CCCRAA") to insure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers.

5.  Danny G. Duty Jr. (Plaintiff), through Plaintiff's attorneys, bring this action to challenge the actions of R.M. Galicia, Ind. d/b/a Progressive Management Systems ("Defendant PMS") and Experian Information Solutions, Inc. ("Defendant Experian") (collectively "Defendants") with regard to Defendants' failure to adhere to their duties to accurately report Plaintiff's credit information.

/ / /

/ / /

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of "Defendant" or "Defendants" in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); (ii) the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act"); (iii) the California Consumer Credit Reporting Agencies Act. Cal. Civ. Code § 1785, *et seq.* ("CCCRAA"); and (iv) the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

12. Because Defendant PMS conducts business within the State of California, personal jurisdiction is established.

13. Because Defendant Experian conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i)

Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business in this judicial district at all times relevant.

## PARTIES

15. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

16. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

17. Plaintiff is a natural individual and thus a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3); and, Cal. Civ. Code § 1785.3(b).

19. Defendant PMS is located in the City of West Covina, Los Angeles County, the State of California, and regularly does business in California.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant PMS, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. Plaintiff is informed and believes, and thereon alleges, that Defendant PMS is a debt collector who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and

are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Plaintiff is informed and believes, and thereon alleges, that Defendant PMS is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23. Defendant PMS is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

24. Defendant Experian is located in the City of Costa Mesa, Orange County, the State of California, and regularly does business in California.

25. Defendant Experian is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

26. Defendant Experian is a "consumer reporting agency," as that term is defined by 15 U.S.C. § 1681a(e).

27. Experian is a "consumer credit reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d) because they are a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, and is not a governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes.

28. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and

"consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

29. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

30. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

31. At all times relevant, Defendant PMS conducted business within the State of California.

32. At all times relevant, Defendant Experian conducted business within the State of California.

33. Sometime prior to November of 2014, Plaintiff is alleged to have incurred certain financial obligations to Sharp Grossmont Hospital ("Sharp") in the amount of $327.00.

34. Sometime thereafter, Sharp alleges that Plaintiff allegedly fell behind in the payments allegedly owed on this alleged debt.

35. Plaintiff vehemently maintains that he never incurred this debt, and this debt does not belong to him.

36. Sometime in or around November of 2014, Sharp placed the debt for collections with Defendant PMS.

///

37. Sometime around May of 2015, Defendant PMS furnished this information regarding the alleged debt to Defendant Experian.

38. In May of 2015, Plaintiff wanted to purchase an automobile and needed to obtain an automobile loan.

39. Shortly thereafter, also in May of 2015, Plaintiff reviewed his credit report, as was necessary to to obtain the aforementioned automobile loan.

40. Plaintiff then discovered in the negative accounts section of his Experian Credit Report ("Credit Report") that Defendant PMS had furnished inaccurate, negative information to Defendant Experian regarding the Sharp Debt.

41. Subsequently, in or around May of 2015, after seeing this adverse information in his Credit Report Plaintiff contacted Defendant PMS by telephone to dispute the account.

42. During this conversation, Defendant PMS promised Plaintiff a "bullseye removal," that is, that Defendant PMS would directly furnish accurate information to Defendant Experian that would cause the adverse PMS account to be removed from Plaintiff's Credit Report.

43. Plaintiff checked his Credit Report again on October 10, 2016, and the adverse account information furnished by Defendant PMS had not changed, and remains on his Credit Report.

### DEFENDANT PMS'S VIOLATIONS OF THE FCRA

44. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs contained in this Complaint as though fully stated herein.

45. On, or about, January 26, 2017, Plaintiff sent Defendant Experian a letter by US Mail, certified, return receipt requested.

46. This January 26, 2017, letter disputed the PMS account on his credit report and demanded the negative PMS account be removed because it did not belong to Plaintiff ("Dispute Letter").

47. On, or about, Mid-February of 2017, Defendant Experian sent Plaintiff an updated credit report dated February 10, 2017 ("February 10 Credit Report").

48. This February 10 Credit Report contained the results of the reinvestigation conducted by Defendants PMS and Experian in response to the dispute in Plaintiff's Dispute Letter.

49. Upon reviewing his February 10 Credit Report, Plaintiff noticed that the PMS account was still appearing on his Experian Credit Report.

50. On, or about, March 15, 2017, Plaintiff sent Defendant Experian a second letter by US Mail, certified, return receipt requested.

51. This March 15, 2017, letter again disputed the PMS account on his credit report and demanded the negative PMS account be removed because it did not belong to Plaintiff ("Second Dispute Letter").

52. Based on information and belief, Defendant Experian received the Second Dispute Letter on or about March 23, 2017.

53. On or about, April 17, 2017, or sometime very shortly thereafter, Defendant Experian sent Plaintiff an updated credit report dated April 17, 2017 with Defendants' reinvestigation results ("April 17 Credit Report").

54. This April 17 Credit Report contained the results of the reinvestigation conducted by Defendants PMS and Experian in response to the dispute in Plaintiff's Second Dispute Letter.

55. Upon reviewing his February 10 Credit Report, Plaintiff saw that the PMS account was still appearing on his Experian Credit Report.

56. Accordingly, Defendant PMS failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information, and failing to notate, as required, Plaintiff's dispute.

57. Upon information and belief, Defendant PMS's investigations were unreasonable. More specifically, Defendant PMS should have discovered from its records, including Plaintiff's Telephone call made in or around May 2015, formal Dispute Letter and Second Dispute Letter, that the information Defendant PMS was reporting was inaccurate and patently misleading because it suggested that the the PMS collections account belonged to, and was the responsibility of, Plaintiff.

58. Defendant PMS failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

59. Due to Defendant PMS's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

60. By inaccurately reporting account information after notice and confirmation of its errors, Defendant PMS failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

61. Through this conduct Defendant PMS maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff's dispute, which led as a direct result and consequence to Defendants PMS and Experian either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

### DEFENDANT EXPERIAN'S VIOLATIONS OF THE FCRA

62. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs contained in this Complaint as though fully stated herein.

63. Through this conduct, Defendant Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

64. Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

65. Plaintiff alleges that Defendant Experian failed to conduct a proper and lawful reinvestigation because Experian continued to include the Sharp debt on Plaintiff's Experian credit report, despite the fact that this debt does not belong to him and Defendant made multiple disputes to that effect.

66. All aforementioned actions taken by the Defendant Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

**DEFENDANT PMS'S VIOLATIONS OF THE CCCRAA**

67. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs contained in this Complaint as though fully stated herein.

68. Defendant PMS is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

69. Plaintiff called PMS and notified PMS that the Sharp debt appeared on his Experian credit report although it did not belong to him.

70. During this same telephone call, PMS promised defendant a "bullseye removal."

71. Based on information and belief, a "bullseye removal" is a direct removal of any inaccurately information being furnished inaccurately to the credit bureaus.

72. On October 10, 2016, Plaintiff discovered PMS continued to report the Sharp debt to Experian, and that this erroneous debt was still on his Experian Credit Report.

73. Further, Plaintiff disputed this inaccurate information with Experian twice, yet PMS continues to furnish this inaccurate information to Experian, and this inaccurate information continues to appear on Plaintiff's Experian credit report.

74. Through this conduct Defendant PMS violated Cal. Civ. Code § 1785.25(a) by furnishing inaccurate information to a consumer credit reporting agency, when Defendant knew or should have known the information was incomplete or inaccurate.

75. Defendant PMS in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about its own transactions or experiences with one or more consumers.

76. Because Defendant PMS is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant PMS is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by

Cal. Civ. Code § 1785.25(b). Defendant PMS knew or should have known that Defendant PMS's account on Plaintiff' Credit Report did not belong to Plaintiff and therefore should have notified the consumer credit reporting agencies of that information. Thus, Defendant PMS violated Cal. Civ. Code § 1785.25(b).

77. Moreover, 15 U.S.C. § 1681(b)(1)(f) of the Fair Credit Reporting Act (FCRA) expressly exempts Cal. Civ Code § 1785.25(a) from the FCRA's general exclusion of State law claims. Thus, Plaintiff's CCCRAA claim is not preempted by the FCRA

**DEFENDANT PMS'S VIOLATIONS OF THE FDCPA AND ROSENTHAL ACT**

78. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs contained in this Complaint as though fully stated herein.

79. Through this conduct, Defendant PMS violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Defendant PMS also violated Cal. Civ. Code § 1788.17.

80. Through this conduct, Defendant PMS violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Defendant PMS also violated Cal. Civ. Code § 1788.17.

81. As a result of Defendants acts as stated herein, Plaintiff suffers, and continues to suffer, actual damages, including harm to his credit-worthiness, credit history, and credit scores.

///

///

///

# COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§1681-1692X (FCRA)

### AS TO DEFENDANTS PMS AND EXPERIAN

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

84. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

85. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

# COUNT II

## VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, *ET SEQ.*

### AS TO DEFENDANT PMS

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

///

88. In the regular course of its business operations, Defendant PMS routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant PMS and its consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

89. As a result of each and every violation of the CCCRAA, Plaintiff suffered denials of credit, worry, fear, distress, frustration, damage to reputation, embarrassment, humiliation, loss of economic opportunity and lost opportunity to obtain credit and is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## COUNT III

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 *ET SEQ.*

## AS TO DEFENDANT PMS

90. Plaintiffs repeat, re-alleges, and incorporates by reference, all other paragraphs.

91. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

92. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

///

///

# COUNT IIV

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

#### AS TO DEFENDANT PMS

93. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

94. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32;

95. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

#### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

#### 15 U.S.C. §§1681-1692X (FCRA)

#### AS TO DEFENDANTS PMS AND EXPERIAN

96. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

///

///

97. An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. §1681o(a)(2), against Defendants for each incident of negligent noncompliance of the FCRA;

98. An award of actual damages to be determined at trial, or damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. §1681n1(a) against Defendants for each incident of willful noncompliance of the FCRA;

99. An award of punitive damages as the court may allow, pursuant to 15 U.S.C. §1681n(a)(2), against Defendants for each incident of willful noncompliance of the FCRA;

100. An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. §1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

101. Any other relief that this Court deems just and proper.

## COUNT II
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE §§ 1785 *ET SEQ.*
### AS TO DEFENDANT PMS

102. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

103. An award of punitive damages of $5,000.00 pursuant to Cal. Civ. Code §1785.31(a)(2)(B).

104. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1785.31(d).

/ / /

/ / /

/ / /

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *ET SEQ.*

### AS TO DEFENDANT PMS

105. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

106. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

107. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT IV

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

### AS TO DEFENDANT PMS

108. An award of actual damages pursuant to California Civil Code § 1788.30(a);

109. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

110. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

111. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

Respectfully Submitted,

THE LAW OFFICES OF F. JAY RAHIMI

Date: June 20, 2017                By: s/ F. Jay Rahimi
                                       F. Jay Rahimi, Esq.
                                       Attorney for Plaintiff